## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHARLES WILLIAMS, GEORGE RUFFIN, and
WANDA TURNER, on behalf of themselves and
all others similarly situated,

    *Plaintiffs*,

v.

K&K ASSISTED LIVING LLC, K&K ASSISTED
LIVING #1 LLC, K&K ASSISTED LIVING #2
LLC, and K&K ASSISTED LIVING #6 LLC

    *Defendants*.

_____

Philip J. Goodman (P14168)
Philip J. Goodman, P.C.
Attorney for Plaintiffs
280 N. Old Woodward Ave., Suite 407
Birmingham, MI  48009
248-647-9300
pjgoodman1@aol.com

_____

### ORIGINAL COLLECTIVE ACTION COMPLAINT

1.    Defendants K&K Assisted Living LLC, K&K Assisted Living #1 LLC, K&K Assisted Living #2 LLC, and K&K Assisted Living #6 LLC (collectively "K&K"), a companies that owns and operates group homes where mentally disabled individuals live and receive 24-hour care are violating the Fair Labor Standards Act ("FLSA") by forcing their direct care workers to work a substantial amount of overtime without paying overtime compensation.  This practice deprives direct care workers of their rightful compensation for work that K&K is legally obligated to pay.

2. Plaintiffs currently work or formerly worked for K&K as direct care workers and have been and/or are being damaged by this illegal policy or practice. Plaintiffs bring this lawsuit on behalf of themselves and all other similarly situated current or former K&K direct care workers to recover their unpaid overtime compensation, liquidated damages, attorneys' fees, and costs owed to them individually and on behalf of other similarly situated individuals.

## II.   JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in the Eastern District of Michigan. 28 U.S.C. § 1391(b)(2).

## III.   THE PARTIES

5. Plaintiff Charles Williams works for K&K as a direct care worker. He regularly works significantly in excess of 40 hours per week without receiving overtime compensation at one-and-one-half times his regular rate of pay. Plaintiff Williams' consent is attached as Exhibit A.

6. Plaintiff George Ruffin worked for K&K as a direct care worker. He regularly worked significantly in excess of 40 hours per week without receiving overtime compensation at one-and-one-half times his regular rate of pay. Plaintiff Ruffin's consent is attached as Exhibit B.

7. Plaintiff Wanda Turner worked for K&K as a direct care worker. She regularly worked significantly in excess of 40 hours per week without receiving overtime compensation at one-and-one-half times her regular rate of pay. Plaintiff Turner's consent is attached as Exhibit C.

8. The class of similarly situated employees consists of all current and former direct care workers who were employed by K&K during the three-year period preceding the filing of this complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

9. K&K Assisted Living LLC is a Michigan limited liability company with its principal place of business at 49300 Laguna Drive, Belleville, MI 48111. K&K Assisted Living LLC is engaged in commerce in the U.S. and is otherwise subject to the FLSA. K&K Assisted Living LLC employs Plaintiffs within the meaning of the FLSA. K&K Assisted Living LLC may be served with process by serving its Registered Agent, Milton Kennedy, at 12060 Indiana, Detroit, MI 48204.

10. K&K Assisted Living #1 LLC is a Michigan limited liability company with its principal place of business in Detroit, Michigan. K&K Assisted Living #1 LLC is engaged in commerce in the U.S. and is otherwise subject to the FLSA. K&K Assisted Living #1 LLC employs Plaintiffs within the meaning of the FLSA. K&K Assisted Living #1 LLC may be served with process by serving its Registered Agent, Geneva Kennedy, at 12052 Indiana, Detroit, MI 48204.

11. K&K Assisted Living #2 LLC is a Michigan limited liability company with its principal place of business in Detroit, Michigan. K&K Assisted Living #2 LLC is engaged in commerce in the U.S. and is otherwise subject to the FLSA. K&K Assisted Living #2 LLC employs Plaintiffs within the meaning of the FLSA. K&K Assisted Living #2 LLC may be served with process by serving its Registered Agent, Carolyn Bonner, at 12060 Indiana, Detroit, MI 48204.

12. K&K Assisted Living #6 LLC is a Michigan limited liability company with its principal place of business in Detroit, Michigan. K&K Assisted Living #6 LLC is engaged in commerce in the U.S. and is otherwise subject to the FLSA. K&K Assisted Living #6 LLC employs Plaintiffs within the meaning of the FLSA. K&K Assisted Living #6 LLC may be served with process by serving its Registered Agent, Milton Kennedy, at 20037 Stratford, Detroit, MI 48221.

## IV. BACKGROUND

13. K&K owns and operates multiple group homes where mentally disabled individuals reside and receive around the clock care. Those homes are facilities located in residential areas in or around the Detroit, Michigan area. The residents of the homes are mentally disabled individuals. Each home has approximately five patients that live in the home.

14. In order to provide health care to the residents, K&K utilizes the services of direct care workers. The direct care workers work shifts at the homes and oversee the resident patients, providing their health and medication needs pursuant to established medical care plans. The Department of Labor has expressly stated that direct care workers are non-exempt workers under the FLSA.

15. K&K supervisors oversee and direct the work of the direct care workers, including Plaintiffs and Class Members. K&K sets their schedule and determines their compensation. At all times, K&K exercises complete control over the employment of the direct care workers. The direct care workers work only for K&K, with no time or means to perform any other work for any other individuals or companies.

16. Direct care workers do not provide any meaningful portion of the equipment or materials necessary to perform their jobs for K&K.

17. Direct care workers are paid based upon the hours that they work for K&K, and their only earning opportunity is based upon the number of hours that they work for K&K, which is controlled completely by K&K.

18. Plaintiffs and, upon information and belief, the Members of the Class, regularly work(ed) in excess of 40 hours per week. However, the direct care workers are/were not paid one-and-one-half times their regular rate of pay for hours worked in excess of 40 each workweek. Instead, K&K pays the non-exempt direct care workers a straight hourly rate of pay for all hours worked, regardless of the number of hours that they work.

## V. PLAINTIFFS' INDIVIDUAL ALLEGATIONS

### A. *K&K Failed to Properly Pay Overtime Compensation.*

19. Plaintiffs work as direct care workers in K&K's homes. Plaintiffs work approximately 12-hour shifts at least five days or more each week, resulting in average work weeks of approximately 60 hours or greater per Plaintiff.

20. As compensation for their time, Plaintiffs are paid $8.19 per hour for each hour worked. Plaintiffs do not receive any overtime compensation for their hours worked in excess of 40 hours. Their hourly rate of $8.19 does not vary, regardless of the number of hours that Plaintiffs work during a week.

21. When Plaintiffs have questioned why they do not receive overtime compensation for their hours worked in excess of 40 hours, management has informed them that they are not entitled to overtime compensation and they should look for a different job if that is unsatisfactory.

22. K&K's illegal practice of paying Plaintiffs a straight hourly rate regardless of the number of hours worked results in a failure to properly pay overtime for hours worked in excess of 40 hours in a week, as required by the FLSA.

### B. *K&K Willfully Violated the FLSA.*

23. The FLSA and Department of Labor regulations set forth the proper means for calculating and paying overtime compensation to non-exempt employees like Plaintiffs. K&K failed to follow these rules when paying Plaintiffs.

24. K&K has a policy and/or practice of requiring its employees to work substantial hours without paying any overtime compensation.

25. K&K knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for the Plaintiffs.

### VI. COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs are aware that K&K's illegal policies or practices have been imposed upon Members of the Class. Like Plaintiffs, the Members of the Class work for K&K as direct care workers. The Members of the Class perform job duties similar to Plaintiffs, namely providing the health and medication needs for the resident patients of the K&K facilities.

27. As with Plaintiffs, Members of the Class do not receive any overtime compensation for all hours worked in excess of 40 hours, despite working a significant number of overtime hours.

28. K&K's failure to properly compensate Plaintiffs and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice at K&K to pay its direct care workers a straight hourly rate for every hour worked, regardless of the number of hours

6

worked in a week.  As such, the Members of the Class are owed additional overtime compensation for precisely the same reasons as the Plaintiffs.

29. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> All current and former direct care workers who were employed by K&K during the three-year period preceding the filing of this complaint.

30. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

31. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII.   CAUSES OF ACTION

32. The preceding paragraphs are incorporated by reference.

33. As set forth above, K&K violated the FLSA with respect to Plaintiffs and Members of the Class by failing to pay overtime for hours worked in excess of 40 hours in a week.  29 U.S.C. §§ 206, 207.

34. Plaintiffs and Members of the Class are entitled to recover overtime compensation, at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

35. In addition, Plaintiffs and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

36. In addition, Plaintiffs and Members of the Class are entitled to reasonable attorneys' fees and costs.  29 U.S.C. § 216 (b).

## VIII.   JURY DEMAND

37. Plaintiffs demand a jury trial.

**PRAYER**

WHEREFORE, Plaintiffs request that this Court award them and Members of the Class judgment against K&K for:

1. damages for the full amount of their unpaid overtime compensation;

2. an amount equal to their unpaid overtime compensation as liquidated damages;

3. reasonable attorneys' fees, costs and expenses of this action;

4. pre-judgment and post-judgment interest at the highest rate allowed by law; and

5. such other and further relief as may be allowed by law.

Respectfully submitted,

___/s/*Philip J. Goodman*_____
Philip J. Goodman (P14168)
Philip J. Goodman, P.C.
Attorney for Plaintiffs
280 N. Old Woodward Ave., Suite 407
Birmingham, MI  48009
248-647-9300
pjgoodman1@aol.com