UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C<small>HARLES</small> W<small>ILLIAMS</small>, <small>ET AL</small>.,

  Plaintiffs,

  v.

K&K A<small>SSISTED</small> L<small>IVING</small> LLC, <small>ET AL</small>.,

  Defendants.

            /

Case No. 15-cv-11565

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
E<small>LIZABETH</small> A. S<small>TAFFORD</small>

**O<small>PINION AND</small> O<small>RDER</small> G<small>RANTING</small> J<small>OINT</small> M<small>OTION FOR</small>
A<small>PPROVAL OF</small> S<small>ETTLEMENT</small> A<small>GREEMENT AND</small>
E<small>NTRY OF</small> S<small>TIPULATED</small> O<small>RDER OF</small> D<small>ISMISSAL</small> [33]**

On April 30, 2015, Plaintiffs Charles Williams, George Ruffin, and Wanda Turner filed suit against Defendants K&K Assisted Living LLC, K&K Assisted Living #1 LLC, K&K Assisted Living #2 LLC, and K&K Assisted Living #6 LLC, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Dkt. No. 1. Plaintiffs amended their Complaint on May 27, 2015. Dkt. No. 7.

On January 14, 2016, the parties filed a joint motion to approve the settlement agreement and dismiss two plaintiffs from the case. Dkt. No. 33, 34. For the reasons stated herein, the Court **GRANTS** the parties' Joint Motion [33].

## I. BACKGROUND

The present case arises out of a claim for overtime compensation that Plaintiffs allege is due under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Plaintiffs assert that they and those "similarly situated" to them are individuals who were or currently are employed by Defendants as direct care workers at the various K&K Assisted Living facilities. Dkt. No. 22, p. 11 (Pg. ID No. 99). Defendants operate multiple group homes in the Detroit area where mentally disabled individuals reside and receive around-the-clock care. *Id*. at 2, ¶ 1 (Pg. ID No. 90). The three Plaintiffs were hourly, non-salaried employees for K&K. *See* Dkt. No. 22-3, 22-4, 22-5 (Pg. ID No. 124–38). Declarants each received an hourly wage of $8.19 per hour, without any additional compensation for overtime hours worked. *See id*.

Plaintiffs filed their Complaint in this action on April 30, 2015, alleging Defendants violated the FLSA by failing to pay direct care workers overtime compensation. *See* Dkt. No. 1, p. 7, ¶ 33 (Pg. ID No. 7). On October 9, 2015, Plaintiffs moved for conditional certification of this action as a collective action pursuant to section 216(b) of the FLSA. *See* Dkt. No. 22, p. 2 (Pg. ID No. 90). The Court granted Plaintiffs' motion on November 17, 2015. Dkt. No. 25.

## II. LEGAL STANDARD

"In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.' " *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-CV-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

In determining whether a proposed settlement is fair and reasonable, the court considers each of the following factors, if relevant:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement.

*Snook v. Valley OB–Gyn Clinic, P.C.*, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015). District courts may approve FLSA settlements "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982).

## III. DISCUSSION

### A. The Settlement Must Resolve a Bona Fide Dispute

First, the Court must determine whether the parties are engaged in a bona fide dispute. *Snook*, 2015 WL 144400, at *1. Plaintiffs allege that they were not compensated as required by the FLSA for work in excess of 40 hours a week. Defendants dispute that they must pay Plaintiffs additional compensation for these excess hours. The Court would be required to resolve the parties' "good-faith" disagreement, had they not resolved it jointly. Accordingly, the Court is satisfied that Plaintiffs' FLSA claim was actually and reasonably in dispute.

### B. The Settlement Must Be Reasonable and Fair

Next, the Court must scrutinize the settlement for fairness. *Lynn's Food Stores*, 679 F.2d at 1353. After reading the proposed settlement, the Court finds that it is a fair and reasonable resolution to the parties' dispute. *See* Dkt. No. 33-2. Both parties are represented by counsel and there is no indication that the parties' agreement is anything but a "reasonable compromise" to a bona fide dispute. *See Lynn's Food Stores*, 679 F.2d at 1354 ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of

litigation."). As parties stated in their amended brief, the settlement bears a reasonable relationship to the amount in dispute, as well as the costs and risks of proceeding with litigation. Dkt. No. 34, p. 2 (Pg. ID No. 364).

Finally, the Court concludes that the attorneys' fee award is reasonable. Plaintiffs will receive $10,000 each. *Id*. at 3. Attorneys' fees and expenses will then be deducted from that amount, resulting in a nettle settlement of $5,505.79 per client. *Id*. In total, Plaintiffs' counsel will receive $6,666.00 in fees for the time and resources working up the case until this point, while Plaintiffs Ruffin and Turner will receive $11,011.58 combined. *Id*. Since FLSA fee awards have been viewed as fair even when the attorneys' fees exceeded plaintiff recovery, the Court cannot say that this amount is not fair and reasonable. *See Lakosky v. Disc. Tire Co.*, No. 14-13362, 2015 WL 4617186, at *2 (E.D. Mich. July 31, 2015) (approving a settlement where attorneys fees were "slightly greater" than the plaintiff's recovery).

## IV. Conclusion

Based on the foregoing, the Court hereby **GRANTS** the Joint Motion for Approval of Settlement Agreement and Entry of Stipulated Order of Dismissal [33]. Plaintiffs George Ruffin and Wanda Turner's claims are dismissed with prejudice.

IT IS SO ORDERED.

Dated:     January 27, 2016

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge