# EXHIBIT A

## **CONFIDENTIAL SETTLEMENT, RELEASE, AND WAIVER AGREEMENT**

This Confidential Settlement Agreement, Release and Waiver Agreement (the "Settlement Agreement" or "Agreement") is made by Plaintiff Charles Williams ("Plaintiff") and Defendants K & K Assisted Living LLC, K & K Assisted Living LLC #1, K & K Assisted Living LLC #2, K & K Assisted Living LLC # 6, and Milton Kennedy (collectively "Defendants" or "K & K Assisted Living"), as of the Effective Date identified below.

**WHEREAS,** Plaintiff Charles Williams filed a lawsuit against K & K Assisted Living in the United States District Court, Eastern District of Michigan, *Williams et al. v. K & K Assisted Living, LLC et al.,* Case No. 15-cv-11565 (the "Lawsuit");

**WHEREAS**, Plaintiff is represented in the Lawsuit by Bailey Peavy Bailey PLLC, and Philip J. Goodman, P.C. (collectively, "Plaintiff's counsel");

**WHEREAS,** Plaintiff is seeking damages for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*;

**WHEREAS,** K & K Assisted Living denies that it has violated the FLSA or has engaged in any wrongdoing whatsoever;

**WHEREAS,** Plaintiff, Plaintiff's counsel, and Defendants recognize that further litigation of this action as to this Plaintiff would be protracted and expensive;

**WHEREAS,** Plaintiff has accepted K & K Assisted Living's Offer of Judgment concluding that it is beneficial to Plaintiff that Plaintiff's claims be settled on the terms set forth herein, and that such terms are fair and reasonable.

**NOW, THEREFORE**, for good and valuable consideration, and in consideration of the mutual promises contained herein, it is agreed as follows:

1. **SETTLEMENT AMOUNT**.  Within 14 days of the Effective Date of this Agreement, as defined below in Paragraph 9, K & K Assisted Living will pay the total amount of $30,000 on behalf of Plaintiff.  The payment on Plaintiff's behalf will be made in three separate checks.  The first check in the amount of $9,413.45 will be made payable to Plaintiff, will be attributable to back wages, and will be subject to appropriate federal, state and local taxes and withholding. K & K Assisted Living will issue a W-2 to Plaintiff for the amount of his first check. The second check for Plaintiff will be in the amount of $9,413.46, will be attributable to liquidated damages, and no taxes will be withheld from this second check.  K & K Assisted Living will issue a Form 1099 to Plaintiff in the amount of the second check.  A third check on behalf of Plaintiff in the amount of $11,173.09 will be paid by K & K Assisted Living to Plaintiff's attorneys, Bailey Peavy Bailey PLLC, ATTN: Robert W. Cowan, 440 Louisiana Street, Suite 2100, Houston, Texas 77055 in full satisfaction of Plaintiff's attorneys' fees and expenses in this matter. K & K Assisted Living will issue a Form 1099 to Bailey Peavy Bailey PLLC in the amount of the third check.

2. **RELEASE**.  Plaintiff, on behalf of himself and his heirs, executors, administrators, transferees and assigns, irrevocably and unconditionally waive, release and forever discharge K & K Assisted Living, its current and former owners, stockholders, agents, directors, officers, employees, representatives, insurance carriers, attorneys, divisions, subsidiaries, affiliates (and owners, agents, directors, officers, employees, representatives, insurance carriers, and attorneys of such divisions, subsidiaries, and affiliates), and their respective predecessors, heirs, executors, administrators, transferees and assigns, and all persons acting by, through, or in concert with any of them, of and from any and all claims, actions, causes of action, suits, debts, demands, rights, charges, complaints, administrative complaints, liabilities, obligations, promises, agreements, contracts, controversies, liens, damages, and expenses, actually incurred, of any kind or nature whatsoever, known or unknown, in law or in equity, arising from, out of or relating to Plaintiff's employment with and/or separation from K&K Assisted Living and/or his hours worked, wages, salary, pay, bonuses, overtime, or compensation of any kind during the period of time Plaintiff worked for K & K Assisted Living, up to and including the date Plaintiff executes this Agreement, including without limitation all claims asserted in the Lawsuit and any and all other claims of whatever kind or nature arising from, out of or relating to any alleged violation by K & K Assisted Living of any federal, state, or local statutes, ordinances or common laws concerning employment, separation or termination from employment, hours worked, wages, salaries, pay, bonuses, overtime, or compensation of any kind, including, but not limited to, the FLSA, the Equal Pay Act, the Michigan Minimum Wage Law, and the Michigan Wages and Fringe Benefits Act (also known as the Payment of Wages Act), including Plaintiff's counsel's rights to the payment of attorneys' fees and costs.  Notwithstanding any of the foregoing, K&K Assisted Living shall not argue or contend in any proceeding that this Agreement and Release has any effect or impact upon Plaintiff's right, if any, to receive or collect unemployment insurance or other government-administrated unemployment assistance resulting from his separation from employment with K&K Assisted Living.

3. **COVENANT NOT TO SUE**.  Plaintiff agrees that neither he (nor any person, organization or other entity acting on his behalf) will, in the future, file any lawsuit, administrative action, or other action asserting any claim that is waived under Paragraph 2.

4. **DISMISSAL**.  Plaintiff agrees to cooperate with K & K Assisted Living to obtain the dismissal with prejudice of the Lawsuit.  In particular, Plaintiff authorizes his attorneys to execute and file with the Court a Stipulation and Order of Dismissal, as set forth in the attached Exhibit A.

5. **COURT APPROVAL**.  The parties agree to submit the Agreement to the Court for approval and to assist in securing the Stipulation and Order of Dismissal in the Lawsuit.  Accordingly, the parties agree to execute and file with the Court a Joint Motion for Approval of Settlement Agreement and Entry of Stipulated Order of Dismissal, and brief in support, as set forth in the attached Exhibit B.

6. **NON-ADMISSIONS**.  K & K Assisted Living expressly denies any and all liability in whole or part for any and all of the claims set forth in the Lawsuit.  K & K Assisted Living also expressly denies any wrongdoing of any kind or nature with respect to Plaintiff and/or those matters released and waived pursuant to this Agreement.

Plaintiff understands and agrees that this Agreement constitutes a compromise of vigorously disputed claims, and that the fact of this Agreement and payments herein is not (and shall not be construed as) an admission of liability on the part of K & K Assisted Living or any other Released Party by whom, collectively and individually, liability is expressly denied.

7. **INDEMNIFICATION.** Plaintiff agrees to hold K & K Assisted Living harmless and indemnify it from any obligation for any payment, taxes, or penalties imposed on K & K Assisted Living due to K & K Assisted Living's failure to withhold taxes from the full settlement amount should the Internal Revenue Service determine for that reason that any of the settlement amount is taxable to K & K Assisted Living or subject to withholding.

8. **REMEDIES.** In the event of any violation of this Agreement by Plaintiff, K & K Assisted Living will be entitled to recover costs and reasonable attorneys' fees incurred by K & K Assisted Living to establish such violation or otherwise enforce this Agreement to be determined by the Court. In the event of any violation of this Agreement by K & K Assisted Living, Plaintiff will be entitled to recover costs and reasonable attorneys' fees incurred by Plaintiff to establish such violation or otherwise enforce this Agreement to be determined by the Court. The remedies set forth in this paragraph will be in addition to, and not in lieu of, any other damages or relief to which the parties may be entitled, including any such additional relief to which any such party may be entitled under this Agreement.

9. **PARTIES ATTORNEYS' FEES AND COSTS.** Except as otherwise agreed in this Agreement in Paragraphs 1 and 8 above, the Parties shall bear their own attorneys' fees and costs.

10. **EFFECTIVE DATE**. This Agreement will not become effective or enforceable until the Agreement has been executed by Plaintiff and K & K Assisted Living and has been approved by the Court as provided in Paragraph 5.

11. **MULTIPLE COUNTERPARTS**. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

12. **ENTIRE AGREEMENT**. This Agreement constitutes the entire agreement between the parties respecting the subject matter hereof, and there are no representations, warranties, or commitments except those set forth herein. No modification of this Agreement will be enforceable unless it is in writing signed by all parties.

13. **GOVERNING LAW AND CONSENT JURISDICTION**. This Agreement shall be governed by, and construed in accordance with the laws of the State of Michigan. Further, the parties expressly consent to the exclusive jurisdiction and venue in the United States District Court for the Eastern District of Michigan. Accordingly, any action or proceeding brought by either party which is based on, or derives from, this Agreement will be brought in such court.

14. **KNOWING AND VOLUNTARY SETTLEMENT. PLAINTIFF ACKNOWLEDGES AND AGREE THAT PLAINTIFF HAS ENTERED INTO THIS AGREEMENT VOLUNTARILY, WITH FULL UNDERSTANDING AND KNOWLEDGE**

3

**OF ITS TERMS AND EFFECTS, AND HAVE BEEN ADVISED BY PLAINTIFF'S COUNSEL IN THESE MATTERS.**

Date: March 31, 2016  _____
                       Charles Williams

Date: _____    _____
                       Milton Kennedy, individually and on behalf
                       of all K & K Assisted Living Entities.


THE MILLER LAW FIRM

Date: _____    By: _____
                       Kevin F. O'Shea
                       Ann L. Miller
                       Attorneys for Defendants


BAILEY PEAVY BAILEY PLLC

Date: _____    By: _____
                       Robert W. Cowan
                       Attorneys for Plaintiff


PHILIP J. GOODMAN, P.C.

Date: _____    By: _____
                       Philip J. Goodman
                       Attorneys for Plaintiff

**OF ITS TERMS AND EFFECTS, AND HAVE BEEN ADVISED BY PLAINTIFF'S COUNSEL IN THESE MATTERS.**

Date: _____

_____
Charles Williams

Date: 04/01/2016

*Milton Kennedy*

Milton Kennedy, individually and on behalf of all K & K Assisted Living Entities.

THE MILLER LAW FIRM

Date: 4/2/16

By: _____
Kevin F. O'Shea
Ann L. Miller
Attorneys for Defendants

BAILEY PEAVY BAILEY PLLC

Date: _____

By: _____
Robert W. Cowan
Attorneys for Plaintiff

PHILIP J. GOODMAN, P.C.

Date: _____

By: _____
Philip J. Goodman
Attorneys for Plaintiff

4

OF ITS TERMS AND EFFECTS, AND HAVE BEEN ADVISED BY PLAINTIFF'S COUNSEL IN THESE MATTERS.

Date: March 31, 2016

_____
Charles Williams

Date: _____

_____
Milton Kennedy, individually and on behalf of all K & K Assisted Living Entities.

THE MILLER LAW FIRM

Date: _____

By: _____
Kevin F O'Shea
Ann L. Miller
Attorneys for Defendants

BAILEY PEAVY BAILEY PLLC

Date: 4-4-2016

By: _____
Robert W. Cowan
Attorneys for Plaintiff

PHILIP J. GOODMAN, P.C.

Date: 4/4/2016

By: _____
Philip J. Goodman
Attorneys for Plaintiff

4