IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES WILLIAMS, on behalf of
themselves and all others similarly situated,

    *Plaintiffs*,

v.

K&K ASSISTED LIVING LLC, K&K
ASSISTED LIVING #1 LLC, K&K
ASSISTED LIVING #2 LLC, K&K
ASSISTED LIVING #6 LLC, and MILTON
KENNEDY,

    *Defendants*.

_____

Civil Action No. 15-11565

Hon. Gershwin A. Drain

**ORDER GRANTING JOINT MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENT AND ENTRY OF STIPULATED ORDER
OF DISMISSAL**

On April 30, 2015, Plaintiffs Charles Williams, George Ruffin, and Wanda Turner filed suit against Defendants K&K Assisted Living LLC, K&K Assisted Living #1 LLC, K&K Assisted Living #2 LLC, and K&K Assisted Living #6 LLC, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Dkt. No. 1. Plaintiffs amended their Complaint on May 27, 2015. Dkt. No. 7.

On January 14, 2016, the parties filed a joint motion to approve the settlement agreement and dismiss Plaintiffs Ruffin and Turner from the case. Dkt. No. 33, 34. On January 27, 2016, the Court granted that joint motion. Dkt. 35.

Now, on April 4, 2016, the parties have filed another joint motion to approve settlement and to dismiss the suit as to the final Plaintiff, Charles Williams. Dkt. No. 36. For the reasons stated herein, the Court **GRANTS** the parties' Joint Motion [36].

## I. BACKGROUND

The present case arises out of a claim for overtime compensation that Plaintiff Williams alleges is due under the FLSA, 29 U.S.C. § 201 *et seq.* In addition, Plaintiff Williams alleges that he was wrongfully retaliated against and terminated from Defendants' employment because he filed this lawsuit, which he claims constitutes further violation of the FLSA. With respect to the overtime compensation claim, Plaintiff Williams asserted that he and those "similarly situated" to him are individuals who were or currently are employed by Defendants as direct care workers at the various K&K Assisted Living facilities. Dkt. No. 22, p. 11 (Pg. ID No. 99). Defendants operate multiple group homes in the Detroit area where mentally disabled individuals reside and receive around-the-clock care. *Id.* at 2, ¶ 1 (Pg. ID No. 90). Plaintiff Williams was an hourly, non-salaried employee for K&K. Dkt. No. 22-3 (Pg. ID 124-28). Plaintiff Williams received

an hourly wage of $8.19 per hour, without any additional compensation for overtime hours worked.  *See id.*

Plaintiffs filed their Complaint in this action on April 30, 2015, alleging Defendants violated the FLSA by failing to pay direct care workers overtime compensation.  *See* Dkt. No. 1, p. 7, ¶ 33 (Pg. ID No. 7).  On October 9, 2015, Plaintiffs moved for conditional certification of this action as a collective action pursuant to section 216(b) of the FLSA.  *See* Dkt. No. 22, p.2 (Pg. ID No. 90).  The Court granted Plaintiffs' motion on November 17, 2015.  Dkt. No. 25.  The "opt-in" period for the collective action expired on March 4, 2016, but no opt-in consent forms were filed with the Court at or before that time.

## II.  LEGAL STANDARD

"In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"  *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-CV-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

In determining whether a proposed settlement is fair and reasonable, the court considers each of the following factors, if relevant:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement.

*Snook v. Valley OB-Gyn Clinic, P.C.*, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015). District courts may approve FLSA settlements "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores,* 679 F.2d at 1354.

### III. DISCUSSION

#### A. The Settlement Must Resolve a Bona Fide Dispute

First, the Court must determine whether the parties are engaged in a bona fide dispute. *Snook*, 2015 WL 144400, at *1. Plaintiff alleges that he was not compensated as required by the FLSA for work in excess of 40 hours a week. Defendants dispute whether they must pay Plaintiffs additional compensation for those excess hours. In addition, Plaintiff contends that he was wrongfully terminated, in violation of the FLSA, for filing this lawsuit. Defendants contend that Plaintiff's separation from employment with them was unrelated to the filing of the FLSA claim. The Court would be required to resolve the parties' "good-faith" disagreements, had they not resolved them jointly. Accordingly, the Court is satisfied that Plaintiffs' FLSA claim was actually and reasonably in dispute.

## B.  The Settlement Must Be Reasonable and Fair

Next, the Court must scrutinize the settlement for fairness.  *Lynn's Food Stores*, 679 F.2d at 1353.  After reading the proposed settlement, the Court finds that it is a fair and reasonable resolution to the parties' dispute.  *See* Dkt. No. 36-1. Both parties are represented by counsel and there is no indication that the parties' agreement is anything but a "reasonable compromise" to a bona fide dispute.  *See Lynn's Food Stores*, 679 F.2d at 1354 ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.")  As parties stated in their amended brief, the settlement bears a reasonable relationship to the amount in dispute, as well as the costs and risks of proceeding with litigation.  Dkt. No. 36, p. 2 (Pg. ID No. 375).

Finally, the Court concludes that the attorneys' fee award is reasonable. Plaintiff will receive $30,000.  *Id.* at 4 (Pg. ID No. 377).  Attorneys' fees and expenses will then be deducted from that amount, resulting in a net settlement of $18,826.91 for Plaintiff.  *Id.* at 5 (Pg. ID No. 378).  In total, Plaintiffs' counsel will receive $10,000.00 in fees and $1,173.09 in expenses for the time and resources working up the case until this point, while Plaintiff will receive $18,826.91.  *Id.* Since FLSA fee awards have been viewed as fair even when the attorneys' fee

exceeded plaintiff's recovery, the Court cannot say that this amount is not fair and reasonable. *See Lakosky v. Disc. Tire Co.*, No. 14-13362, 2015 WL 4617186, at *2 (E.D. Mich. July 31, 2015) (approving a settlement where attorneys' fees were "slightly greater" than the plaintiff's recovery).

## IV. CONCLUSION

Based on the foregoing, the Court hereby GRANTS the Joint Motion for Approval of Settlement Agreement and Entry of Stipulated Order of Dismissal [36]. Plaintiff Charles Williams's claims are dismissed with prejudice.

Stipulated and agreed to:

| /s/ Robert W. Cowan | /s/ Kevin F. O'Shea |
|---|---|
| BAILEY PEAVY BAILEY PLLC | THE MILLER LAW FIRM, P.C. |
| Robert W. Cowan (TX 24031976) | Kevin F. O'Shea (P40586) |
| 440 Louisiana St., Ste. 2100 | Ann L. Miller (P43578) |
| Houston, TX 77002 | 950 W. University Dr., Ste. 300 |
| (713) 425-7100 | Rochester, MI 48307 |
| rcowan@bpblaw.com | (248) 841-2200 |
| *Attorneys for Plaintiffs* | kfo@millerlawpc.com |
| | *Attorneys for Defendants* |

PHILIP J. GOODMAN, P.C.
Philip J. Goodman (P14168)
280 N. Old Woodward Ave., Ste. 407
Birmingham, MI 48009
(248) 647-9300
pjgoodman1@aol.com
*Attorneys for Plaintiffs*

IT IS SO ORDERED.

Date: April 11, 2016               /s/Gershwin A Drain
                                   United States District Judge